**STATE of Maine**

v.

**Michael PARKER.**

Supreme Judicial Court of Maine.

April 20, 1977.

Joseph M. Jabar, Dist. Atty., Augusta, for plaintiff.

John L. Hamilton, Lewiston, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

WERNICK, Justice.

Defendant Michael Parker has appealed from each of two Superior Court (Kennebec County) judgments adjudicating him convicted of having sold "cannabis" in violation of 22 M.R.S.A. § 2384.[1]

On June 3, 1975 two separate indictments were returned against defendant. In one indictment the sale alleged was charged to have occurred on December 13, 1974, in the other on December 16, 1974. Defendant waived trial by jury. After a hearing by the Court, on June 26, 1975 defendant was found guilty as charged by each indictment. Sentence was imposed on the same day. As to each conviction, defendant was sentenced to not less than two nor more than five years imprisonment—the terms to be served concurrently,—and also a fine of $250.00 (total of $500.00).

I

In this direct appeal defendant seeks an adjudication by this Court of illegality in at least one of the sentences imposed upon him. Defendant contends that the record reveals statements of the presiding Justice made during sentencing establishing that the presiding Justice imposed one sentence upon defendant as being for a "2nd . . . offense" under 22 M.R.S.A. § 2384. Defendant claims this illegal for two reasons.

Defendant asserts, first, that the "2nd . . . offense" punishment provision of Section 2384 is applicable *only* when defendant's *commission* of the Section 2384 violation deemed punishable as a "2nd . . . offense" follows defendant's *conviction* for a prior Section 2384 violation. Since such was not the fact, here, defendant says that it was beyond the power of the presiding Justice to punish him for a "2nd . . . offense" violation of Section 2384.

Second, defendant maintains that a "2nd . . . offense" punishment under Section 2384 may be lawfully imposed in any event only if the procedures of 15 M.R.S.A. § 757[2] are utilized. Here, it is beyond question that such procedures were not followed and, says defendant, the presiding Justice therefore acted beyond his powers in punishing him under the "2nd . . . offense" provision of Section 2384.

Without reaching the merits of either of these two claims of error by defendant, we deny defendant's appeals on the ground that the record fails to make the showing necessary to allow defendant's contentions of sentencing errors to be given cognizance in a direct appeal.

1. 22 M.R.S.A. § 2384, repealed effective May 1, 1976 by P.L.1975 Chapter 499 § 52 (enacting Title 17–A, the "Maine Criminal Code"), read:
"Whoever sells, exchanges, delivers, barters, gives or furnishes or possesses with intent to sell, exchange, deliver, barter, give or furnish Cannabis, Mescaline or Peyote, to any person shall upon conviction thereof be punished by a fine of not more than $1,000 or by imprisonment for not more than 5 years, or by both, for the first offense; and for a 2nd or subsequent offense, by imprisonment for not less than 2 years nor more than 10 years, for which the imposition or execution of such sentence shall not be suspended and probation not be granted."

2. 15 M.R.S.A. § 757 states:
"In all cases where prior conviction for an identical offense or any other offense affects the sentence which the court may impose in a current principal offense, such prior conviction shall not be alleged in the complaint, information or indictment alleging such principal offense, but shall be alleged in a separate complaint, information or indictment, ancillary to the principal offense, upon which the respondent shall not be arraigned until such time as the respondent has been convicted of the principal offense."

■ We agree with the defendant that a direct appeal can be the proper vehicle to attack a sentence *adequately established on the face of the appeal record* to be beyond the statutory powers of the sentencing Justice. Since such infirmity, when properly shown, would be "jurisdictional" in nature, it would, as such, be cognizable on direct appeal even if asserted for the first time at the appellate level. See: *Dow v. State,* Me., 275 A.2d 815, 821 (1971); *State v. Capitan,* Me., 363 A.2d 221 (1976).

■ However, we cannot here take cognizance of the merits of defendant's contentions since we conclude that the appeal record fails to disclose the alleged jurisdictional sentencing infirmity in accordance with the standard of proof requisite to authorize cognizance of it in a direct appeal. To be cognizable in a direct appeal the "jurisdictional" sentencing infirmity must appear on the face of the appeal record so plainly that its existence is shown *as a matter of law.* *State v. Capitan, supra.* This means in the instant context—in which the critical point is what the presiding Justice did in fact—that *the fact* that the presiding Justice imposed the Section 2384 "2nd . . . offense" punishment must appear on the record on appeal so plainly as to preclude rational disagreement as to its existence; only then would the *fact* be shown *as a matter of law.*

■ For this purpose, defendant relies on the following statement of the presiding Justice:

"There are two separate charges against you. Although they are three days apart, they are two separate charges. One happened to be on December the 13th, 1974, and the other on December 16, 1974. So I consider these as two separate and distinct offenses, and I am going to have to impose sentence accordingly. On the first offense, I am going to impose a sentence of not less than two years nor more than five imprisonment at the State's prison and order that you pay a fine of $250. On the second offense which I consider to be a second subsequent offense, I am going to order that

you be sentenced also for a term in the State's prison of not less than two years nor more than five years and to pay an additional $250 to the County; and then I am going to order that the sentence as it relates to your confinement be served together so that you will be paying a $500 fine, and you will be serving two to five years rather than one consecutive to the other."

We reject defendant's contention that this statement by the presiding Justice, considered in its entirety, establishes so plainly as to foreclose rational disagreement that the presiding Justice in fact sentenced defendant as for a "2nd . . . offense" under Section 2384.

Although the presiding Justice did say that he was considering the December 16 offense as a "second subsequent offense", in light of the entirety of the presiding Justice's statement this alone cannot be determinative *as a matter of law.* Two other portions of the Justice's statement create sufficient ambiguity to permit as rational a conclusion that the presiding Justice was considering each offense as a separate and distinct offense to be punished as if it were only a first offense under Section 2384.

First, the presiding Justice took pains at the outset to stress that he was considering the two offenses to be "separate and distinct." While this could mean that the presiding Justice was addressing whether the crimes should be deemed a single transaction (notwithstanding an interval of three days between the sales constituting the crimes), it is also a rational interpretation of the remark that the presiding Justice was indicating that there were two crimes "separate and distinct" in the sense that he would not fit them into a numerical sequence as a "first" and "second" offense for purposes of punishment.

Second, neither sentence can fit the mould of being the punishment prescribed by Section 2384 for a "2nd . . . offense" since: (a) not only is the sentence for each offense permissible as a "first" offense punishment under Section 2384 but

also (b) and most significantly, *neither* sentence can be the appropriate "2nd . . . offense" sentence under Section 2384 because *each* of them imposes a fine of $250, and Section 2384 makes no provision permitting a fine as punishment for a "2nd . . . offense."

We conclude, then, that the record fails to establish as a matter of law—i. e., so plainly as to foreclose rational disagreement—that one of the sentences imposed on defendant was in fact punishment pursuant to the "2nd . . . offense" mandate of Section 2384. Because of this failure of proof defendant's contentions of error may not be given cognizance in this direct appeal.

## II

■ Defendant also contends that he may not be found guilty of a violation of Section 2384 consistently with constitutional due process because Section 2384 gives insufficient notice that the conduct of defendant here involved was made criminal.

Conceding that our recent decision in *State v. Shaw*, Me., 343 A.2d 210 (1975) establishes that Section 2384 prohibits the sale of each and every species of "cannabis", defendant nevertheless argues that because the acts for which he is here being prosecuted occurred prior to the *Shaw* clarifying interpretation of Section 2384, due process would be violated were the *Shaw* interpretation made applicable to him. Defendant's argument is that the *Shaw* interpretation of Section 2384—as including all species of "cannabis"—represented an enlargement of meaning unforeseeable by a reasonable person in light of all the previously existing circumstances. Hence, defendant contends that to subject his conduct which occurred before the *Shaw* decision to the *Shaw* interpretation of Section 2384 would be to criminalize his conduct without fair warning, thus to deny him constitutional due process of law. Cf. *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); *Rose, Warden v. Locke*, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975).

Defendant's contention is without merit. A criminal statute fails to give fair warning of its scope, in accordance with due process requirements, if "a person of ordinary intelligence" could not "reasonably understand" that it forbids the conduct for which he is criminally charged, *United States v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954). Here, the record shows no facts extrinsic to the statute which could lead a reasonable person to believe that the generic term "cannabis" appearing in the statute was intended to have other than its usual comprehensive meaning as including each and every species of the plant "cannabis." See: *State v. Shaw*, supra, at p. 212; *State v. Alley*, Me., 263 A.2d 66, 69–70 (1970). This being so, the very comprehensiveness of the statute's generic reference to "cannabis" must be held to have given defendant fair warning that the compass of Section 2384 was prohibition of the sale of each and every species of "cannabis." See: *State v. Davenport*, Me., 326 A.2d 1, 6 (1974).

The entry is:

*Appeal denied.*

All Justices concurring.