STATE of Maine

v.

Joseph TELLIER.

Supreme Judicial Court of Maine.

Argued Sept. 19, 1990.
Decided Oct. 12, 1990.

Mary Tousignant, (orally), Dist. Atty., Anne Jordan, Asst. Dist. Atty., Alfred, for state.

Joel Vincent (orally), Scarborough Law Offices, Scarborough, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

▮ Pursuant to Maine's recently enacted procedure for appellate review of sentences (15 M.R.S.A. §§ 2151–2157 (Supp. 1989)), defendant Joseph Tellier appeals from sentences imposed by the Superior Court (York County, *Cole, J.*) on charges of kidnapping, unlawful sexual contact, and aggravated assault. Defendant contends on appeal that the sentences violate the constraints on consecutive sentencing set forth in 17–A M.R.S.A. § 1256(3)(B) (1983) and are excessive in length.[1] We conclude

---

1. Defendant could have challenged the legality of his consecutive sentences by direct appeal from the convictions. Direct appeal is permitted when the sentencing illegality appears on the face of the record so plainly that its existence is shown as a matter of law. *State v. Parker,* 372 A.2d 570, 572 (Me.1977). When the

illegality does not appear on the face of the record, it may be necessary to resort to the sentence review mechanisms of Rule 35 or post-conviction review. Although the discretionary appeal afforded by 15 M.R.S.A. §§ 2151–2157 is broad enough to include claims of facial illegality, as in the present case, it exists primarily as a

that the consecutive sentences for the charges of kidnapping and unlawful sexual contact are prohibited by statute. We also conclude that the sentences were imposed on the basis of insufficient information. We vacate the sentences and remand for resentencing.

The facts developed at the sentencing hearing are as follows: In the late afternoon, defendant forced his neighbor's ten-year-old daughter into his car under the pretext of needing her help in selecting flowers for his wife's birthday. He drove the child approximately twenty-one miles from Saco to Limerick. There he parked his car off a deserted dead-end road and threatened her with physical harm if she did not engage in certain sexual acts. He removed her clothes, had sexual contact with her, and forced her to have sexual contact with him. He then asked her not to tell anyone what had happened. When she refused, he beat and choked her until she became unconscious and then left at some point. She woke up in the middle of the night, cold and frightened, then fell back asleep. When she awoke again at dawn, she managed to find her way back to the main road and summon help. Photographs taken at the time show extensive bruises, lacerations, and apparent burns to her face, arms, and neck.

Defendant was originally indicted for kidnapping, assault, unlawful sexual contact, aggravated assault, and attempted murder. Following a change of appointed counsel on the eve of trial, defendant entered guilty pleas to kidnapping (17–A M.R.S.A. § 301 (1983)), unlawful sexual contact (17–A M.R.S.A. § 255 (1983 & Supp.1989)), and aggravated assault (17–A M.R.S.A. § 208 (1983)). Defendant also admitted that the commission of these offenses violated the conditions of his probation from an earlier theft conviction. The Superior Court conducted a combined Rule 11 and sentencing hearing and, as requested by the State, imposed the maximum sentence of twenty years for kidnapping, five years for unlawful sexual contact, and ten years, with all but four years suspended and six

years of probation, for aggravated assault. The court ordered that the sentences be served consecutively and imposed a concurrent two-year sentence for defendant's probation violation. After sentencing, the State dismissed the assault and attempted murder counts. Defendant now appeals.

## I.

 Although the imposition of consecutive sentences is within the discretion of the sentencing judge, *State v. Bunker*, 436 A.2d 413, 418 (Me.1981), the exercise of that discretion is limited by 17–A M.R.S.A. § 1256(2–3) (1983 and Supp.1989). The relevant portion of section 1256(2) provides that:

> ... sentences shall be concurrent unless, in considering the following factors, the court decides to impose sentences consecutively:
>
> A. That the convictions are for offenses based on different conduct or arising from different criminal episodes;
>
> B. That the defendant was under a previously imposed suspended or unsuspended sentence and was on probation, under incarceration or on a release program at the time he committed a subsequent offense; ... or
>
> D. That the seriousness of the criminal conduct involved in either a single criminal episode or in multiple criminal episodes or the seriousness of the criminal record of the convicted person, or both, require a sentence of imprisonment in excess of the maximum available for the most serious offense.

*Id.* at § 1256(2)(A), (B) & (D). In the present case, the court appropriately determined that the foregoing criteria for consecutive sentencing were satisfied. The court failed to consider, however, the express prohibition against sentencing a defendant "to consecutive terms for crimes arising out of the same criminal episode when ... [o]ne crime consists only of a conspiracy, attempt, solicitation or other

supplement to direct appeal to permit review of legal but excessive sentences.

form of preparation to commit, or facilitation of, the other." *Id.* at § 1256(3)(B).

Defendant now argues that he kidnapped the child merely to facilitate the commission of unlawful sexual contact and aggravated assault. In *State v. Bunker,* we vacated consecutive sentences for rape and kidnapping, concluding that the only purpose for the kidnapping "was to facilitate the commission of the sex offenses." *State v. Bunker,* 436 A.2d at 419. In that opinion, we noted that 17–A M.R.S.A. § 1256(3)(B) was based in part on section 3204 of the proposed Federal Criminal Code, the comment to which makes clear that "one of its purposes is to prevent 'consecutive sentences for offenses which were committed as part of a single course of conduct during which there was *no substantial change in the nature of the criminal objective.*'" *State v. Bunker,* 436 A.2d at 419 (citation omitted). Accordingly, in determining whether one crime facilitated another, we focus on the "purpose for which the defendant engaged in criminal conduct." *Id.*

We applied the *"Bunker* purpose test" in *State v. Winchenbach,* 501 A.2d 1282 (Me. 1985), and upheld the sentencing justice's imposition of sentences for passing a roadblock and eluding an officer consecutive to sentences for burglarizing a garage and stealing the truck that he was operating. Concluding that "[h]is purpose in burglarizing the Waltz garage and stealing the truck was not to engage in a high-speed chase with police," but rather to get "a warm ride on a cold night," we held that "the presiding justice did not abuse his discretion by imposing consecutive sentences." *Id.* at 1287. We reached the same result in *State v. Cormier,* 535 A.2d 913 (Me.1987), and upheld the court's consecutive sentencing of the defendant for robbery and aggravated assault. In that case, the defendant cut off the victim's ear

after the robbery had already transpired, and we found that the two offenses had independent factual origins even though they arose out of the same criminal episode. *Id.* at 918.

Two recent opinions illustrate further the distinction that is critical in the present case. In *State v. Prentiss,* 557 A.2d 619 (Me.1989) we held that consecutive sentences could not be imposed for burglary and gross sexual misconduct when the burglary was committed only to facilitate the commission of the gross sexual misconduct. *Id.* at 621. In *State v. Walsh,* 558 A.2d 1184 (Me.1989), however, we concluded that the sentencing justice did not abuse his discretion in imposing consecutive sentences for rape and terrorizing with a dangerous weapon when "the only acts of terrorizing charged in the indictment were threats made against the victim after the rape had been committed." *Id.* at 1188.

The kidnapping count of the indictment in the present case alleges that defendant restrained the child for the purpose of inflicting bodily injury or subjecting her to unlawful sexual contact. During his remarks at sentencing, the presiding justice stated: "One would have a hard time concluding that you had not formed an intent to seriously hurt or kill this child when you abducted her in Saco." Based on the facts revealed at sentencing and the court's remarks, defendant argues that the purpose of the kidnapping was to subject the child to unlawful sexual contact and to knowingly expose her to serious bodily injury.[2] Accordingly, he argues that neither sentence can be consecutive to the kidnapping sentence. Defendant is correct in part, but only with regard to the sentence for unlawful sexual contact.

Based on the facts revealed at sentencing and defendant's guilty plea to the kidnapping charge as it appears in the indictment, it is apparent that defendant re-

---

**2.** Aggravated assault involves the infliction of serious bodily injury as opposed to simple bodily injury as alleged in the kidnapping count of the indictment. 17–A M.R.S.A. § 208(1)(A). Serious bodily injury is defined as:

A bodily injury which creates a substantial risk of death or which causes serious, perma-

nent disfigurement or loss or substantial impairment of the function of any bodily member or organ, or extended convalescence necessary for recovery of physical health.

17–A M.R.S.A. § 2(23) (1983).

strained the child intending to subject her to unlawful sexual contact. Accordingly, we hold that the sentencing justice was in error in imposing consecutive sentences for kidnapping and unlawful sexual contact. *State v. Bunker,* 436 A.2d at 419; *State v. Prentiss,* 557 A.2d at 621. We reach the opposite conclusion with regard to the sentence for aggravated assault. Defendant did not commit this crime until the sexual offense had been completed. *State v. Cormier,* 535 A.2d at 918; *State v. Walsh,* 558 A.2d at 1188. The presiding justice's remarks to the contrary were not made as part of a section 1256 analysis. Moreover, there is no basis in this record for concluding that defendant had as one of his purposes the infliction of serious bodily injury on the child at the time he kidnapped her. Only when she refused to cooperate in maintaining secrecy did defendant assault the child for the apparent purpose of preventing her from reporting the incident. The aggravated assault had a factual origin independent of the kidnapping even though it occurred during the same sequence of events. Thus, the sentence for aggravated assault could be consecutive to the other two sentences.

## II.

 Defendant also argues that his sentences are "excessive given the totality of the circumstances." Because of the manner in which the sentences were imposed, we are unable to review the propriety of the sentences. Although the record contains no express statement, it appears that the sentences were recommended by both parties in return for the dismissal of the remaining charges. The fact that such a procedure is authorized by M.R.Crim.P. 11(a) does not dispense with the necessity for insuring that the sentencing record reflects sufficient information to demonstrate the basis for the sentence and to permit appellate review. There are greater public interests at stake in sentencing than those of the prosecutor and the defendant. All sentences, even those agreed upon by the parties, are subject to appellate review and must be demonstrably appropriate to the circumstances of the case. Here, the sentencing justice listened to the prosecutor's description of the offenses and requests for sentences. After inquiring if defense counsel and defendant understood that the prosecutor was going to make such a recommendation and "anticipated this was going to be the sentence," the court imposed the recommended sentences with no further inquiry. The sole basis stated by the court for the sentences imposed was the serious nature of the offenses. There is no dispute concerning the serious nature of the subject offenses, but the sentencing judge is required to consider a complex of factors in determining a sentence. 17-A M.R.S.A. § 1151 (1983 and Supp.1989).

We have previously emphasized the desirability of ordering a pre-sentence investigation in cases involving the possibility of significant incarceration. Although M.R. Crim.P. 32(c) grants the court discretion to order a pre-sentence investigation and report, a strong case is made for the necessity of that procedure when the essential information is not supplied by the parties or made known to the court by some other means, such as through a trial. *See State v. Dyer,* 371 A.2d 1079, 1084 (Me.1977) (questioning "whether in any case the complete absence of such data by reason of the non-exercise of the Rule 32(c) privilege would rise to abuse of discretion on the part of the sentencing judge"). Because the current record contains insufficient information to permit appellate review and fails to demonstrate a valid basis for the sentences, we elect the option provided by 15 M.R.S.A. § 2156(1)(B) (Supp.1989) and remand to the Superior Court for resentencing on an appropriate record. We note that on remand the statutes preclude a sentence "more severe than the sentence originally imposed." *Id.*

The entry is:

Sentences vacated. Remanded for resentencing consistent with the opinion herein.

All concurring.