**STATE of Maine**

v.

**Allen W. HEWES.**

Supreme Judicial Court of Maine.

Argued March 7, 1991.

Decided April 18, 1991.

Michael E. Carpenter, Atty. Gen., Wayne S. Moss (orally), Asst. Atty. Gen., Augusta, for the State.

Edward C. Russell (orally), Russell, Lingley & Silver, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

Defendant Allen W. Hewes was convicted of manslaughter, 17–A M.R.S.A. § 203(1)(A) (1983) on his conditional guilty plea. This case is here on appeal a second time, both appeals focusing on the admissibility of pretrial statements made by defendant. The case was first before us in *State v. Hewes*, 558 A.2d 696 (Me.1989), on the State's appeal from a pretrial order suppressing all of those pretrial statements with a minor exception. On that appeal we affirmed the Superior Court's decision (Penobscot County, *Chandler, J.*) that defendant had made statements on October 24 and 25, 1986, at a time while he was in custody and before he had been given warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that therefore those statements had to be suppressed. *See State v. Hewes*, 558 A.2d at 699. We vacated, however, the suppression of statements made to the police on October 24 after the police had given *Miranda* warnings to defendant and the suppression of statements made to police by defendant on October 27. *See id.* at 701. As to those statements, we remanded to the Superior Court for reconsideration of its suppression order in light of our decision in *State v. Pinkham*, 510 A.2d 520 (Me.1986). On that reconsideration the court (*Chandler, J.*) held that those post-*Miranda* statements were admissible. In the meantime, defendant had moved to suppress an incriminating statement he had made to his landlord on October 27, after he had returned from the police station. The court (*Browne, A.R.J.*) denied that motion. At this point defendant, preserving his right to appellate review of these latter two decisions, entered a conditional guilty

plea, and judgment was entered thereon. We affirm the court's denial of his motions to suppress the post-*Miranda* statements made to the police on October 25 and 27 and his statement made to his landlord on October 27. *See State v. Bleyl,* 435 A.2d 1349, 1358 (Me.1981) (court's findings sustained unless clearly erroneous).

 The court's finding that defendant made a knowing, intelligent, and voluntary waiver of his *Miranda* rights on October 25 was supported by competent evidence. The warnings were correctly administered and defendant clearly stated that he understood those rights. Although he was crying and upset at the time, his emotional distress does not render invalid his waiver of his *Miranda* rights. *See Colorado v. Connelly,* 479 U.S. 157, 107 S.Ct. 515, 523–24, 93 L.Ed.2d 473 (1986). As to the statements defendant made to the police on October 27, the court found that no renewed *Miranda* warnings were necessary because defendant was not in custody on that date. There is competent evidence to support a finding that the defendant did not at that time believe himself to be in custody or constrained to a degree associated with formal arrest. *See State v. Gardner,* 509 A.2d 1160, 1163 (Me.1986).

Examining the totality of the circumstances, including the circumstances surrounding the earlier statements made on October 24 and 25 previously suppressed under the *Miranda* rule, competent evidence also supported the court's finding beyond a reasonable doubt that defendant made his post-*Miranda* statements of the 25th and 27th voluntarily. *See State v. Caouette,* 446 A.2d 1120, 1123–24 (Me. 1982) (voluntariness); *State v. Collins,* 297 A.2d 620, 627 (Me.1972) (Maine constitutional standard of proof on voluntariness). Neither defendant's emotional distress at the time he made those statements nor the detective's urging him to tell the truth negates the voluntariness of his statements. *See State v. Thibodeau,* 496 A.2d 635, 640–41 (Me.1985) (emotional distress); *State v. Theriault,* 425 A.2d 986, 990 (Me.1981) (police encouraging suspect to "come clean"). Satisfying the more stringent state standard of voluntariness means of course that the more relaxed federal constitutional standard of a preponderance of the evidence was amply satisfied. *See Lego v. Twomey,* 404 U.S. 477, 489, 92 S.Ct. 619, 626, 30 L.Ed.2d 618 (1972).

Finally, as to defendant's statement to his landlord on October 27, there is no merit to his argument on appeal that this should be excluded on a "cat out of the bag" or "fruit of the poisonous tree" theory. There was simply no cat that had gotten out of the bag illegitimately, and there was no poisonous tree to bear fruit.

The entry is:

Judgment affirmed.

All concurring.