**STATE of Maine**

v.

**Glen A. CYR.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 17, 1992.
Decided July 16, 1992.

Laura Yustak Smith, Asst. Dist. Atty., Machias, for State.

Dennis Mahar, Fletcher & Archer, Calais, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Glen A. Cyr appeals his conviction of gross sexual assault, 17–A M.R.S.A. § 253(1)(B) [Supp.1991].[1] entered in Superior Court (Washington County, *Beaulieu, J.*) after a jury trial. On appeal Cyr argues that the court erred i) by denying his motion to suppress certain statements he made and ii) by improperly considering aggravating factors when sentencing him. Finding no error, we affirm the conviction.

Shortly after midnight on the morning of September 4, 1989, Deputy Sheriff George Bunker arrested the defendant for engaging in sexual relations with a 13–year old girl. The defendant was read his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) once at the time of arrest and again at 4:30 a.m. before being placed in a cell at the Washington County Jail. Because of his anxiety, the defendant had neither eaten nor slept prior to 8:15 p.m. when Deputy Bunker returned to ask him some questions. The deputy gave a third *Miranda* warning at the beginning of the session and then proceeded to question the defendant for over three-and-a-half hours, repeatedly stating that the defendant was lying and urging him to tell the truth. During the entire session, however, the defendant made no mention of the fact that he had neither eaten nor slept during the day. At around 11:45 p.m., the defendant agreed to make a statement and was given a fourth *Miranda* warning, recorded on tape and acknowledged on a printed form. He then made a recorded statement in which he admitted having sexual intercourse with the 13–year–old girl.

Before the trial, the defendant filed a motion to suppress from evidence his recorded statement on the basis that it was made involuntarily.[2] The motion was denied and at the trial the recorded statement was played in its entirety to the jury. The jury found the defendant guilty of gross sexual assault and acquitted him of criminal threatening with a dangerous weapon.[3] 17–A M.R.S.A. § 209 (1983 & Supp.1991). This appeal followed.

### I.

A confession is voluntary "if it results from the free choice of a rational mind, if it is not a product of coercive police conduct, and if under all of the circumstances its admission would be fundamentally fair."[4] *State v. Eaton,* 577 A.2d

---

1. Section 253(1)(B) provides that a person is guilty of gross sexual assault if that person engages in a sexual act with another person and:

   \*  \*  \*  \*  \*  \*

   B. The other person, not the actor's spouse, has not in fact attained the age of 14 years.

2. Although the defendant put forth both the fifth and sixth amendments as grounds for suppressing his statement, he asserts only the issue of voluntariness on appeal. Thus there is no need for this Court to address any sixth amendment or *Miranda* issues. *See State v. Caouette,* 446 A.2d 1120, 1121 n. 2 (Me.1982).

3. The indictment charged the use of "a dangerous weapon, to wit, a knife...."

4. The voluntariness requirement gives effect to three overlapping but conceptually distinct values: "(1) it discourages objectionable police practices; (2) it protects the mental freedom of the individual; and (3) it preserves a quality of fundamental fairness in the criminal justice system." *State v. Mikulewicz,* 462 A.2d 497, 500 (Me.1983).

1162, 1167 (Me.1990); *State v. Mikulewicz*, 462 A.2d 497, 501 (1983). To be admitted at trial, the state must prove voluntariness beyond a reasonable doubt. *State v. Collins*, 297 A.2d 620, 627 (Me.1972). The question is reserved for the trial justice and will not be disturbed on appeal "if there is evidence providing rational support for this conclusion." *State v. Theriault*, 425 A.2d 986, 989 (Me.1981); *Collins* 297 A.2d at 627. Thus we review that factual finding for clear error, *State v. Birmingham*, 527 A.2d 759, 761 (Me.1987), and will uphold it unless the evidence shows that a contrary inference was the only reasonable conclusion that could have been drawn. *State v. Durepo*, 472 A.2d 919, 921 (Me. 1984).

■ The defendant argues on appeal that his statement, made at the conclusion of the three-and-a-half hour interrogation, was not "the free choice of a rational mind" given his emotional state, the repeated admonitions by the police to stop lying and tell the truth, and the fact that he had had no sleep or food for the previous twenty-four hours. None of these three assertions, standing alone or in concert, compels a reasonable doubt as to voluntariness. First, contrary to the defendant's assertion that he was nervous and upset and on the verge of crying at the time of his statement, Deputy Bunker testified that he appeared wide awake and refreshed. Second, and more tellingly, we have previously observed that neither emotional upset nor policy "exhortations' to tell the truth negate the conclusion that a statement is voluntary. *See, e.g., State v. Hewes*, 589 A.2d 460, 461, (Me.1991); *State v. White*, 460 A.2d 1017, 1021 (Me.1983); *Theriault*, 425 A.2d at 990. Similarly, a bald allegation of fatigue due to lack of sleep and food does not, standing alone, serve to mandate a conclusion of involuntariness.

The record reveals i) that the defendant received *Miranda* warnings both at the beginning of the interview and again just before he gave his recorded statement (at the latter time signing a form acknowledging that he had been read his rights). ii) that he gave responsive answers, iii) that he was not subjected to any police threats, coercion, or trickery, and iv) that he was "properly urged ... to tell the truth" after being read his *Miranda* rights. *See, e.g., Birmingham*, 527 A.2d at 761; *State v. Thibodeau*, 496 A.2d 635, 641 (Me.1985). The record amply supports the court's determination that the defendant's statement was voluntary beyond a reasonable doubt, and thus admissible, because it resulted from his free will and rational intellect. *See State v. Gosselin*, 594 A.2d 1102, 1105 (Me.1991) (three hour interrogation not so long as to be coercive, police banter and encouragement to tell the truth, coupled with lack of police abuse or hostility, did not override defendant's free will and rational intellect).

## II.

■ Defendant next seeks to challenge on direct appeal the propriety of his sentence, arguing that the court improperly considered certain factors as aggravating.[5] Because the defendant has not sought leave to appeal his sentence from the Sentence Review Panel as required by 15 M.R.S.A. § 2152 (Supp.1991), we will not consider the propriety of his sentence on direct appeal "unless a 'jurisdictional infirmity' appears on the record 'so plainly as to preclude rational disagreement as to its existence.'" *State v. Parker*, 372 A.2d 570, 572 (Me.1977). We conclude that the sentence in this case does not contain such a facial infirmity. The defendant has not met the *Parker* standard; we therefore dismiss the appeal.[6]

---

5. The defendant was sentenced to twelve years imprisonment with all but six years suspended and five years probation.

6. The defendant's reliance on *State v. Tellier*, 580 A.2d 1333 (Me.1990), is misplaced. *Tellier*

simply stands for the proposition that a facially illegal sentence, which may be challenged on direct appeal, may also be attacked, at the defendant's discretion, through the sentence review procedures set out in 15 M.R.S.A. §§ 2151–2157. *Id.* at 1333 n. 1. *Tellier*.

The entry is:

Judgment of conviction affirmed.

All concurring.