## STATE of Maine

### v.

## Alan D. POWELL, Jr.

Supreme Judicial Court of Maine.

Submitted on Briefs March 15, 1994.
Decided April 15, 1994.

**210**

Wayne S. Moss, Asst. Atty. Gen., Augusta, for the State.

John O'Donnell, Tilton & O'Donnell, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Alan Powell appeals from judgments entered in the Superior Court (Kennebec County, *Alexander, J.*) following jury verdicts finding him guilty of murder and gross sexual assault. 17–A M.R.S.A. §§ 201(1)(A), 251(C)(3) & (E), 253(1)(A) (1983 & Supp. 1988). We affirm.

On June 30, 1989, two plain-clothed detectives interviewed Powell at his apartment for one-half hour. On July 1, 1989, the two detectives returned to re-interview him and to execute a search warrant. While the detectives were interviewing Powell in his kitchen, several other officers searched other rooms in Powell's apartment. The reason for the re-interview was that the detectives had obtained information that contradicted some of Powell's statements of June 30th. Powell was told that he was not under arrest and he was not physically restrained. When Powell asked if he was being charged with something, one detective told him that "he was not

being charged with anything—not yet." The interview was interrupted when the officers who were conducting the search wished to search the kitchen. The interview lasted for two hours and no *Miranda* warnings were read to Powell. At the hearing on his motion to suppress, Powell testified that he thought that he was not free to leave even though he admitted to being told that he was not under arrest.

After the interview at the apartment ended, Powell agreed to accompany the detectives to the Waterville police station to complete the interview. Again, Powell was told that he was not being charged or arrested for murder and that he was not under arrest. Powell was transported to the police station in an unmarked cruiser. He was not handcuffed, threatened, promised anything, or questioned while in the car. When the interview resumed at the police station, Powell was read *Miranda* warnings. Powell testified that he understood these warnings. Powell agreed to continue answering questions after the *Miranda* warnings had been given.

■ Powell's motion to suppress the statements made by him on July 1, 1989, was denied by the court. (*Chandler, J.*). Powell claims that the court erred in finding that he was not in custody when he was questioned at his apartment on July 1, 1989. "'*Miranda* warnings are required only when a defendant is in custody and subject to interrogation.'" *State v. Cumming*, 634 A.2d 953, 956 (Me.1993) (citations omitted); *e.g., State v. Hewey*, 622 A.2d 1151, 1154 (Me.1993). "To determine whether there was a custodial interrogation, the court must ascertain whether a reasonable person in the defendant's position would have believed he was in police custody and constrained to a degree associated with formal arrest." *State v. Pike*, 632 A.2d 132, 133 (Me.1993) (citations omitted); *e.g., Hewey*, 622 A.2d at 1154; *State v. Hewes*, 589 A.2d 460, 461 (Me.1991). In addition to this "reasonable person" analysis, other objective factors are to be considered.[1] On appeal, "'[t]he trial court's finding

1. *State v. Gardner*, 509 A.2d 1160, 1163 n. 3 (Me.1986) ("Among the objective factors to be considered are: 1) whether the suspect was questioned in familiar surroundings; 2) the number

of no custodial interrogation will be upheld if the record provides rational support for that determination.' " *State v. Izzo,* 623 A.2d 1277, 1282–83 (Me.1993) (citations omitted); *Hewey,* 622 A.2d at 1154. We conclude that the record before us does provide rational support for the court's finding that the July 1, 1989 interview of Powell at his apartment was noncustodial.

Next, Powell argues that the trial court erred in finding that his statements made at the police station were given after a knowing and voluntary waiver of his *Miranda* rights. Powell relies on *State v. Hewes,* 558 A.2d 696, 700–01 (Me.1989), which involved the impact of pre-*Miranda* statements on the admissibility of post-*Miranda* statements. Because there were no inadmissible statements in this case, the court did not err in admitting the post-*Miranda* statements made at the police station.

Finally, Powell argues that the trial court erred in permitting proposed defense witnesses to not testify because of the privilege against self-incrimination and because of a lack of competence. After reviewing the record, we find no error in the trial court's rulings.

The entry is:

Judgments affirmed.

All concurring.

of law enforcement officers present; 3) the degree of physical restraint placed upon the suspect; and 4) the duration and character of the interrogation.") (citing *United States v. Streifel,* 781 F.2d 953, 961 n. 13 (1st Cir.1986); *see State v. Bridges,* 530 A.2d 718, 720 (Me.1987)).