[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#139)
The plaintiff, Sherell Dixon, filed a two count revised complaint in medical malpractice, dated July 6, 1994, against the defendants, Andrew R. Herzog, M.D., Medical Options of Stamford, Inc. (Medical Options) and Jane Doe, R.N. The plaintiff has alleged count one in negligence and count two in failure to obtain informed consent. The plaintiff alleges that Herzog and Doe were employees of Medical Options, that on January 18, 1992, she engaged the defendants to perform an abortion, and that Herzog breached his duty of care in that he perforated the plaintiff's uterus and caused other injuries. The plaintiff CT Page 5149-NN further alleges that Doe breached her duty of care when, after the plaintiff called to report post-operative difficulties, she did not instruct the plaintiff to seek medical care. The plaintiff then alleges that her injury was discovered on January 20, 1992, by attending physicians at Stamford Hospital. The plaintiff also alleges that the defendants failed to obtain her informed consent regarding the risks entailed by the abortion procedure. Herzog filed his answer and a special defense on April 7, 1995, alleging that the plaintiff's action is barred by the applicable statute of limitations.
On February 21, 1996, Herzog filed a motion for permission to file a motion for summary judgment, which was granted by the court, Ballen, J., on July 15, 1996. Also on February 21, 1996, Herzog filed a motion for summary judgment on the ground that the plaintiff's action is barred by the statute of limitations under General Statutes § 52-584. In support of his motion Herzog filed deposition testimony of the plaintiff and documentary evidence. The plaintiff filed a memorandum in opposition on February 20, 1996, and a supplemental memorandum on April 24, 1996. Herzog filed a reply to the plaintiff's memoranda on May 3, 1996.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Home Insurance Co. v. Aetna Life CT Page 5149-OOCasualty Co., supra, 235 Conn. 202.
Herzog argues that the plaintiff's action is barred by the statute of limitations under General Statutes § 52-584. The plaintiff maintains that she could not have known what caused her symptoms until surgery revealed the cause.
Section 52-584 "provides that an action for the negligence of a physician must be brought `within two years from the date when the injury was first sustained or discovered or in the exercise of reasonable care should have been discovered . . . . Blanchettev. Barrett, 229 Conn. 256, 263, 640 A.2d 74 (1994). "Failure to bring suit within the period of limitations bars the action.Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 385,635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 209 (1994). "In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm." (Internal quotation marks omitted.) Caron v.Adams, 33 Conn. App. 673, 679, 638 A.2d 1073 (1994). "Actionable harm occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action. . . . The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof." (Citation omitted; internal quotation marks omitted.) Merly v. State, 211 Conn. 199, 206, 558 A.2d 977
(1989). "The focus is on the plaintiff's knowledge of facts, rather than the discovery of applicable legal theories." (Internal quotation marks omitted.) Lambert v. Stovell, 205 Conn. 1,6, 529 A.2d 710 (1987).
This action was commenced by service of process on Herzog on January 20, 1994. Herzog claims that it is undisputed that the plaintiff's injury was sustained and discovered by her on January 18, 1992, and confirmed by Stamford Hospital on January 19, 1992. The plaintiff replies that she did not know she had suffered actionable harm until surgery on January 20, 1992 revealed the perforated uterus. Herzog contends that because the plaintiff had prior abortions she was aware of normal post abortion symptoms, and that the abnormal symptoms manifested by the plaintiff began immediately after the procedure. Nevertheless, the plaintiff testified at her deposition that she thought the symptoms were due to constipation, and that she was aware on Saturday morning, January 18, 1992, that she had a problem, but thought that the problem would go away on its own. The plaintiff further testified that she did not know that her uterus was perforated until after surgery was conducted on January 20, 1992. CT Page 5149-PP
Therefore, that when the plaintiff should have discovered that she had suffered actionable harm from Herzog's actions is a genuine issue of material fact. Accordingly, Herzog's motion for summary judgment is denied.
BALLEN, JUDGE