**STATE of Maine**

v.

**Henry FRECHETTE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 22, 1996.

Decided Dec. 24, 1996.

David W. Crook, District Attorney, Alan P. Kelley, Deputy District Attorney, Augusta, for the State.

Ronald W. Bourget, Bourget & Bourget, P.A., Augusta, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendant, Henry Frechette, appeals from convictions entered in the Superior Court (Kennebec County, *Mills, J.*) on his guilty plea to two counts of gross sexual misconduct in violation of 17–A M.R.S.A. § 253 (1983), two counts of gross sexual assault in violation of 17–A M.R.S.A. § 253 (1983 & Supp.1996), and four counts of unlawful sexual contact in violation of 17–A M.R.S.A. § 255 (1983 & Supp.1996). Defendant initially sought and obtained sentence review pursuant to 15 M.R.S.A. §§ 2151–2157 (Supp.1996). *See State v. Frechette*, 645 A.2d 1128 (Me.1994). Having been resentenced, he now contends on direct appeal that the trial court abused its discretion when it refused to allow him to withdraw his guilty plea at the time of resentencing. He also challenges the propriety of his new sentences. We find no error and affirm the judgments.

Defendant initially pleaded guilty to all eight charges and was sentenced. Although defendant argued against the sentences imposed, he did not move to withdraw his guilty plea at any time prior to sentencing. Ulti-

mately, sentence review resulted in a remand to the Superior Court for resentencing. At that time, defendant moved to withdraw his guilty plea. This motion was denied and defendant now appeals.

■ M.R.Crim.P. 32(d) provides that "[a] motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed." The fact that we reviewed his sentences and remanded for an adjustment does not place defendant in the same position he occupied "before sentence [was] imposed." *See* 15 M.R.S.A. § 2157 (Supp.1996) (sentence appeal does not stay the execution of the sentence and bail does not apply). Defendant's motion to withdraw his guilty plea at the time of resentencing was not timely and the court appropriately denied the motion.

■ Defendant's arguments regarding the propriety of his new sentences are not cognizable on direct appeal. Review of the "propriety" of a sentence is committed to the sentence review process. *State v. Farnham,* 479 A.2d 887, 888 (Me.1984). We will not consider the propriety of a sentence on direct review "unless a 'jurisdictional infirmity' appears on the record 'so plainly as to preclude rational disagreement as to its existence.'" *State v. Cyr,* 611 A.2d 64, 66 (Me.1992) (quoting *State v. Parker,* 372 A.2d 570, 572 (Me. 1977)). No such facial infirmity is present in this case.

The entry is:

Judgments affirmed.

All concurring.