Jonathan Peter BENNETT

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

Argued March 6, 1981.

Decided Aug. 13, 1981.

John S. Jenness, Jr. (orally), South Paris, for plaintiff.

Charles K. Leadbetter, Wayne S. Moss (orally), Asst. Attys. Gen., Augusta, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN * and CARTER, JJ.

NICHOLS, Justice.

This appeal by a petitioner for post-conviction habeas corpus relief raises a novel issue relating to the imposition of consecutive imprisonment terms.

The Petitioner, Jonathan Peter Bennett, on June 15, 1978, was indicted for aggravated forgery in violation of 17–A M.R.S.A. § 702 (1978). He pleaded not guilty to this charge. On December 12, 1978, he was indicted on one count of burglary, 17–A M.R.S.A. § 401 (1978), and a second count of theft, 17–A M.R.S.A. § 353 (1978). Again he pleaded not guilty.

The Petitioner subsequently retracted his not guilty plea on the charge of aggravated forgery, and on March 7, 1979, he entered a guilty plea to that charge and was sentenced to three years imprisonment. Six days later, on March 13, Bennett was charged on still another indictment with one count of burglary and a second count of theft. He entered a not guilty plea to both these charges.

On June 7, 1979, following plea negotiations, a "Rule 11 hearing" was held pursuant to M.R.Crim.P. 11(b).[1] At that hearing the Petitioner retracted his previously entered pleas of not guilty and pleaded guilty to both outstanding counts of burglary. Thereupon, the two outstanding counts of theft were dismissed pursuant to M.R. Crim.P. 48(a).[2]

Following disclosure of the plea agreement at hearing, the Superior Court accepted the agreement and imposed sentence, using the following language:

> [T]he sentence will be imposed in accordance with the plea negotiations, which is to say eighteen months in the Maine State Prison on each [burglary] count to be served concurrently, the sentence on each count of eighteen months to begin at the termination of the [aggravated forgery] sentence the defendant is presently serving at the Maine State Prison
> . . . .

Five months went by. On December 20, 1979, the Petitioner filed a petition for writ of habeas corpus alleging that he was "illegally imprisoned" in that the sentencing

---

* GLASSMAN, J., sat at argument and participated in the initial conference but died before the opinion was adopted.

1. At the time of this hearing, M.R.Crim.P. 11(b)(2) provided:

   If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.

It has since been amended, effective September 1, 1980.

2. M.R.Crim.P. 48(a) states:

   The attorney for the state may with written leave of the court file a written dismissal of an indictment, information or complaint setting forth the reasons for the dismissal and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

justice failed to set forth the specific findings required by 17–A M.R.S.A. § 1155 (1978)[3] when he imposed concurrent sentences to be served consecutively with the earlier sentence imposed on the conviction of aggravated forgery. Specifically, § 1155(4) read in conjunction with § 1155(3) mandates that the court cannot impose *consecutive* imprisonment terms unless it sets forth in detail for the record the "exceptional features to the case which require the [consecutive] sentence imposed."

The sentencing justice had not even purported to satisfy these statutory provisions, apparently regarding these provisions as inapplicable when the sentences were to run consecutively to a sentence already being served.

Hearing was held on Bennett's petition for post-conviction relief on July 28, 1980. On August 1, 1980, the habeas justice ordered that:

[T]he sentences of eighteen (18) months each . . . imposed . . . upon Jonathan Peter Bennett on June 7, 1979, . . . insofar . . . as they are made to be served consecutively with the [aggravated forgery] sentence now being served by said Bennett . . . are hereby set aside for non-compliance with 17–A M.R.S.A. § 1155; . . .

the respective cases . . . are hereby reactivated to the current docket of the Superior Court . . . for the purpose of re-determination by the sentencing Justice

upon the existing record therein and upon further hearing thereon in full compliance with 17–A M.R.S.A. § 1155 . . . .

Pursuant to 14 M.R.S.A. § 5508 (1980), on August 20, 1980, the Petitioner timely appealed from this judgment. On November 7, 1980, we issued a certificate of probable cause, permitting the Petitioner to proceed with the instant appeal.[4]

We sustain the appeal.

It is clear that the parties who negotiated the pleas in these cases had reached agreement that sentences being imposed in CR–78–453 and CR–79–87 were to run consecutively to the sentence imposed several months earlier already being served in Docket No. CR–78–228. It is equally clear that the sentencing justice intended to give effect to the plea bargain. The only deficiency was a lack of full compliance with 17–A M.R.S.A. § 1155.

■  It appears that the sentencing justice thought that § 1155 had no application when the sentence he was imposing ran consecutively to a sentence which had been imposed several months earlier. This was error on his part. Subsection (2) of § 1155 makes it abundantly clear that these provisions of the Code relating to multiple sentences of imprisonment apply alike whether the sentence is to be served consecutively to a sentence previously imposed or to another sentence imposed on the same date.

**3.** In pertinent part, 17–A M.R.S.A. § 1155 (1978) then provided:

3. Unless the court sets forth in detail for the record the findings described in subsection 4, it shall not either:

A. Impose consecutive imprisonment terms or cumulative fines which exceed the maximum term or the highest fine authorized for the most serious crime involved; or

B. Impose consecutive imprisonment terms or cumulative fines at all.

4. The findings referred to in subsection 3 are the reasons why, having regard to the nature and circumstances of the crime, and the history and character of the defendant, the court is of the opinion that there are exceptional features to the case which require the sentence imposed.

17–A M.R.S.A. § 1155 (1978) was amended by P.L.1979, ch. 512, § 35 and codified in § 1155

(1979). The amendment, however, was not effective until September 14, 1979, subsequent to the date (June 7, 1979) when sentence was imposed on the Petitioner's pleas of guilty.

**4.** 14 M.R.S.A. § 5508 (1980) states in part that:

A final judgment entered under section 5505 may be reviewed by the Supreme Judicial Court sitting as a law court. An appeal by the petitioner may not proceed unless the law court issues a certificate of probable cause. The filing of the notice of appeal shall be deemed to constitute a request for such a certificate. The clerk of the Superior Court, upon receipt of a notice of appeal, shall forward to the law court the complete record of the proceedings in the Superior Court. The record so forwarded shall be returned to the Superior Court with the order of the court.

It would be error on our part to remand simply for a statement of reasons for the consecutive sentences to comply with § 1155 when the sentencing justice, it appears, never thought that he was imposing consecutive sentences within the meaning of 17–A M.R.S.A. § 1155. In the present posture of the case that would nullify our system, because the appellate court, and not the trial court, would be deciding how the sentencing should be done. The sentencing justice should be given the opportunity to consider anew both burglary cases in the light of the interpretation we have given to § 1155.

In sum, we sustain the appeal because more is needed here than the correction of a merely formal error. We regard the entire sentences as void. While the plea negotiations may stand, for justice to be done the cases must go back for resentencing. We conclude that there must be a new sentencing proceeding in the two burglary cases (CR–78–453 and CR–79–87).

The entry, therefore, will be:

Appeal sustained.

Judgment vacated.

Remanded for entry of the following judgment:

Both Criminal Docket Nos. CR–78–453 and CR–79–87 are reactivated and the sentences heretofore imposed in both are vacated; the sentencing justice to impose sentence anew in both proceedings.

All concurring.