**STATE of Maine**

v.

**Charlie G. POWERS.**

Supreme Judicial Court of Maine.

Argued March 4, 1985.

Decided March 13, 1985.

Charles K. Leadbetter (orally), Wayne S. Moss, Asst. Attys. Gen., Augusta, John McElwee, Dist. Atty., Caribou, for plaintiff.

Paine, Lynch & Harris, Martha J. Harris (orally), John D. Bunker, Bangor, for defendant.

Before McKUSICK, C.J., NICHOLS and GLASSMAN, JJ., and DUFRESNE, A.R.J.

McKUSICK, Chief Justice.

On May 7, 1980, the Aroostook County grand jury indicted defendant Charlie G. Powers, a former detective of the Maine State Police, for the Class B crime of hindering apprehension. 17–A M.R.S.A. § 753 (1983). On August 13, 1981, the Superior Court (Aroostook County) accepted defendant's plea of guilty to that charge. The court sentenced defendant on August 21, 1981, to serve six years of imprisonment in the Maine State Prison at Thomaston consecutively to his then current four-year sentence for bribery.

Defendant subsequently filed a petition for post-conviction relief from the six-year sentence, asserting that the sentencing justice had failed to state on the record, as required by 17–A M.R.S.A. § 1256(4) (1983), his reasons for imposing a consecutive, rather than a concurrent, sentence. Defendant sought a new sentencing proceeding, which was granted without contest by the State.

On March 31, 1982, the same Superior Court justice who had previously sentenced defendant again imposed a sentence of six years' incarceration to be served consecutively to defendant's sentence for bribery. On April 13, 1982, defendant filed this appeal challenging the validity of his consecutive sentence. His appeal was stayed pending resolution of related post-conviction and habeas corpus proceedings. Those proceedings having been concluded, the ap-

peal is now ready for decision. We find no merit in defendant's contentions on appeal.

## I.

Defendant takes the position that even though the sentencing judge explicitly imposed a *consecutive* sentence on August 21, 1981, the judge's failure to state on the record his reasons for imposing a consecutive sentence made the sentence *concurrent* by operation of law under the sentencing statute, 17–A M.R.S.A. § 1256 (1983 & Supp.1984–1985).[1] As a result, defendant contends, imposition of a consecutive sentence in March of 1982 constituted an impermissible increase in his sentence following a successful appeal, in derogation of his constitutional right to due process of law under the principles of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Weeks v. State*, 267 A.2d 641 (Me.1970).

■ A textual analysis of the governing statute refutes that argument in its entirety. The sentencing statute makes crystal clear in 17–A M.R.S.A. § 1256(2) that a sentence will be considered to be concurrent only if the court does not decide, after considering various statutorily enumerated factors, to impose a consecutive sentence. A sentencing judge is required by the first sentence of that subsection (2) to state his election between a consecutive and a concurrent sentence. The Superior Court in Powers' first sentencing on August 21, 1981, stated unequivocally that the six-year sentence was "to be served consecutively to the sentence" that defendant was serving at that time. We must assume that the sentencing justice decided to impose the consecutive sentence only after fully con-

sidering the factors listed in subsection (2). Absent a showing to the contrary, a trial judge is presumed to know the law and to have applied it correctly in any given case. *See State v. Bridges*, 413 A.2d 937, 944 (Me.1980). Under the statute, the election by the sentencing justice on August 21, 1981, to make defendant's sentence consecutive foreclosed any possibility that the sentence would run concurrently with defendant's prison term for bribery.

■ The statute does not make explicit the consequences of a judge's failure to meet the requirement of 17–A M.R.S.A. § 1256(4) by stating on the record his reasons for imposing a consecutive sentence. It is plain from the substance of that subsection (4), however, that its purpose is merely to assure convicted persons of a meaningful appeal by requiring that a proper record for appellate review be made by the sentencing court. If such a record is not initially made, the purpose of the statute is fully served by remanding to the Superior Court for a statement on the record of the sentencing judge's reasons for making the sentence consecutive. Since the "statement of reasons" requirement of section 1256(4) is merely a matter of form in terms of its impact on the sentence itself, it may be met by the sentencing court without any need for a second full-blown sentencing proceeding if it was not originally complied with. This situation is in sharp contrast to that in *Bennett v. State*, 433 A.2d 431, 434 (Me.1981), where we remanded for reconsideration of the entire sentence because the sentencing judge there "never thought that he was imposing consecutive sentences within the meaning of" the predecessor of section 1256. Although the justice in resentencing

---

1. In pertinent part 17–A M.R.S.A. § 1256 (1983 & Supp.1984–1985) reads as follows:

    2. ... the court shall state in the sentence of imprisonment whether a sentence shall be served concurrently with or consecutively to any other sentence previously imposed or to another sentence imposed on the same date. The sentences shall be concurrent unless, in considering the following factors, the court decides to impose sentences consecutively:

    [List of factors required to be considered omitted]

    . . . .

    4. If the court decides to impose consecutive sentences, it shall state its reasons for doing so on the record or in the sentences.

    . . . .

Powers on March 31, 1982, went through the whole process once again, the only added feature of the proceeding as compared with that of August 21, 1981, was his articulation on the record of his reasons for deciding that the six-year sentence should be consecutive.

▪ In sum, defendant was subject, following the August 1981 sentencing, to a valid six-year consecutive sentence. The only effect of the failure to comply with section 1256(4) was to create in defendant a right to return to court to have the sentencing justice state on the record his reasons for imposing a consecutive sentence. Then defendant could appeal, as he has done here, on the ground that the given reasons revealed a fatal invalidity in his sentence. The resentencing proceeding in March of 1982, since it reimposed precisely the same sentence to which defendant was already subject, affected his rights not one iota.

## II.

▪ Defendant's second argument, that his consecutive sentence was based on impermissible considerations, is likewise without merit. Judges are to be accorded a wide latitude of discretion in sentencing. *E.g., State v. Plante*, 417 A.2d 991, 995 (Me.1980). The sentencing justice in this case acted well within the scope of his discretion.

▪ Defendant complains that the justice failed to take into account the post-traumatic stress disorder from which defendant claimed to suffer as a result of his military service in Vietnam. Since the only evidence of that disorder was a letter from an American Legion service officer who did not hold himself out as a medical professional, the sentencing justice reasonably concluded that he was not in a position to consider in sentencing any stress disorder that defendant might have had. Defendant also asserts that the justice failed to note his "exemplary" prison record. An update of the original presentence report was prepared for the March 21 proceeding and was referred to by the justice in imposing sentence. Nothing in the record indicates that he failed to take defendant's prison record into account. Nor, contrary to defendant's argument, does the fact that the same reasons were given for imposing sentence on both August 21 and March 31 make the sentence illegal. It is hardly surprising that the same considerations should affect a judge on resentencing as on sentencing, when the facts of the case have not changed in the meantime. It in no way harms defendant that his sentence was based on the same factors on both occasions. Defendant also argues that it was improper for the sentencing judge to give some of the same reasons for imposing a six-year jail term as for making that term consecutive. His reasons for making defendant's sentence consecutive are authorized to be used for that purpose in 17-A M.R.S.A. § 1256(2)(A), (C) & (D). Those factors are also logically relevant to determination of the length of proper incarceration, and no reason appears why they could not be used for both purposes.

▪ Finally, defendant contends that it was improper for the sentencing justice to consider defendant's former status as a state police officer in imposing sentence upon him for a crime committed after he left the force. The fact is that the events that constituted the crime of "hindering apprehension" were a natural extension of a course of illegal conduct engaged in by defendant while he was a state police officer. Defendant's discharge from that position resulted from his involvement in various serious crimes, his participation in which led him to hinder the apprehension of one of his confederates. Defendant's plea of guilty was obtained in exchange for dismissal of charges involving those other crimes. The sentencing justice specifically noted that defendant used the knowledge he had as a state trooper in connection with committing the hindering apprehension offense.

In sum, we find no error in defendant's sentence. The entry is:

Judgment affirmed.

All concurring.