STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-02-380

REC'D & FILED
Nancy A. Desjardin

MAY 27 2003

Clerk of Courts
Kennebec County

STATE OF MAINE

v.

LEROY GOVE,

Defendant

DECISION ON MOTION
(M.R. Crim. P. 35)

DONALD L. GARBRECHT
LAW LIBRARY

AUG 7 2003

This matter came before the court for hearing on the defendant's motion for reduction of sentence, as amended, pursuant to M.R. Crim. P. 35. On December 2, 2002, defendant Gove changed his plea to all four counts of the indictment after the court's inquiry pursuant to M.R. Crim. P. 11. The governing sentences were on count I (Operating a Motor Vehicle While Under the Influence – class C) and count II (Operating After Revocation – class C). As to count I, Gove was sentenced to 30 months to the Department of Corrections. As to count II, Gove was sentenced to a term of five years, _consecutive_ to count I, all suspended and four years of probation. This was a fully negotiated disposition arrived at by the parties.

Subsequent to the sentencing, Gove filed the present motion seeking to have a resentencing.[1] The legal basis for this motion is found in 17-A M.R.S.A. § 1256(2) and (4), which read, in part:

> (2) [T]he court shall state in the sentence of imprisonment whether a sentence shall be served concurrently with or consecutively to any other sentence previously imposed or to another sentence imposed on the same date. The sentences shall be concurrent unless, in considering the following factors, the court decides to impose sentences consecutively.

---

[1] Gove's original motion was for a reduction of his sentence, but at the hearing on the amended motion, his attorney indicated that he was now seeking to be resentenced, with the original sentence to act as a cap on the new sentence.

(4) If the court decides to impose consecutive sentences, it shall state its reasons for doing so on the record or in the sentence.

The statute goes on to list four different factors which the court must consider. The court has reviewed the transcript of the Rule 11 sentencing proceeding of December 2, 2002, and must agree with Gove that there was no formal mention of the four factors. The absence of discussion does not mean that the court did not consider the statutory factors in deciding whether to accept the recommended sentence, but that consideration was unstated.

Gove seeks an entire resentencing proceeding as the result of what he sees to be the court's failure to meet the statutory requirement. However, the Law Court has indicated that this is not necessary. In *State v. Powers*, 489 A.2d 4 (Me. 1985), that court considered a very similar situation in which the court sentenced Powers to serve a consecutive sentence without stating his reasons therefor, as required by section 1256. The Court stated:

> The statute does not make explicit the consequences of a judge's failure to meet the requirement of 17-A M.R.S.A. § 1256(4) by stating on the record his reasons for imposing a consecutive sentence. It is plain from the substance of that subsection (4), however, that its purpose is merely to assure convicted persons of a meaningful appeal by requiring that a proper record for appellate review be made by the sentencing court. If such a record is not initially made, the purpose of the statute is fully served by remanding to the Superior Court for a statement on the record of the sentencing judge's reasons for making the sentence consecutive. Since the "statement of reasons" requirement of section 1256(4) is merely a matter of form in terms of its impact on the sentence itself, it may be met by the sentencing court without any need for a second full-blown sentencing proceeding if it was not originally complied with.

*Id.* at 6. In reaching this decision, the Laws Court distinguished its earlier decision in *Bennett v. State*, 433 A.2d 431 (Me. 1981) for reasons which also distinguish it from the

present case. Therefore, this court will answer Gove's motion, and the court will set forth below its reasons for imposing a consecutive sentence.

First, counts I and II of the indictment arise out of the same activity of operating a motor vehicle, but they are separate and distinct crimes. Count I makes Gove's operation of the motor vehicle a crime because of his physical condition at the time of the operation, i.e., his impairment from the use of alcohol. Count II makes his operation a crime because of his legal status at that time, i.e., his right to operate had been revoked as the result of an earlier conviction.

Second, Gove was on probation from a District Court conviction at the time of the incident leading to the present convictions.

Third, Gove had a serious criminal history, specifically a history of operation motor vehicles while under the influence of intoxicants. This conviction was his seventh OUI conviction.

Fourth, it was important to have an adequate period of probation to allow substance abuse treatment and supervision and to promote public safety.

Last, but not least, Gove and his attorney had agreed with the attorney for the State that the sentences would be consecutive.

Having now stated its reasons for accepting the recommendation of consecutive sentences, as required by section 1256(4), the entry will be:

Motion DENIED.

Dated: May 27, 2003

S. Kirk Studstrup
Justice, Superior Court

3

STATE OF MAINE
  vs
LEROY E GOVE
BOX 353 TOWNHOUSE
WHITEFIELD ME 04353

DOB: 12/10/1959
Attorney: DAVID PARIS
        72 FRONT STREET
        BATH ME 04530-2657
        APPOINTED 02/05/2003

Filing Document: INDICTMENT
Filing Date: 10/18/2002

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2002-00380

**DOCKET RECORD**

State's Attorney: DAVID CROOK

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   OPERATING UNDER THE INFLUENCE           10/01/2002 RANDOLPH
    29-A   2411(1)          Class C

2   OPERATING MOTOR VEHICLE AFTER REVOCATION  10/01/2002 RANDOLPH
    29-A   2557(1)          Class C

3   REFUSING TO SUBMIT TO ARREST OR DETENTION 10/01/2002 RANDOLPH
    17-A   751-A(1)(B)      Class D

4   FAILING TO STOP FOR OFFICER           10/01/2002 RANDOLPH
    29-A   2414(2)          Class E

## Docket Events:

10/21/2002 FILING DOCUMENT - INDICTMENT FILED ON 10/18/2002

       TRANSFER - BAIL AND PLEADING GRANTED ON 10/18/2002

       TRANSFER - BAIL AND PLEADING REQUESTED ON 10/18/2002

10/22/2002 Charge(s): 1,2,3,4
       HEARING - ARRAIGNMENT SCHEDULED FOR 10/31/2002 @ 8:30

10/22/2002 Charge(s): 1,2,3,4
       HEARING - ARRAIGNMENT NOTICE SENT ON 10/22/2002

       DEFENDANT IS IN CUSTODY, NOTICE WAS SENT TO JAIL
10/23/2002 Charge(s): 1,2,3,4
       MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 10/23/2002

10/25/2002 Charge(s): 1,2,3,4
       MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 10/24/2002
       S KIRK STUDSTRUP , JUSTICE
       COPY TO PARTIES/COUNSEL

10/31/2002 Charge(s): 1,2,3,4
HEARING - ARRAIGNMENT HELD ON 10/31/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: PAUL RUCHA          Reporter: PHILIP GALUCKI
Defendant Present in Court


READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS
10/31/2002 Charge(s): 1,2,3,4
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 10/31/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: PAUL RUCHA          Reporter: PHILIP GALUCKI
Defendant Present in Court
10/31/2002 BAIL BOND - NO BAIL ALLOWED SET BY COURT ON 10/31/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: PAUL RUCHA          Reporter: PHILIP GALUCKI
Defendant Present in Court


HOLD WITHOUT BAIL. BAIL MAY BE REVIEWED.
12/12/2002 HEARING - RULE 11 HEARING HELD ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court


READING WAIVED
12/12/2002 Charge(s): 1,2,3,4
PLEA - GUILTY ENTERED BY DEFENDANT ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court
12/12/2002 Charge(s): 1,2,3,4
PLEA - GUILTY ACCEPTED BY COURT ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court
12/12/2002 Charge(s): 1,2,3,4
FINDING - GUILTY ENTERED BY COURT ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court
12/12/2002 Charge(s): 1
RULING - ORIGINAL ORDERED ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court

Printed on: 05/28/2003

It is adjudged that the defendant is guilty of 1 OPERATING UNDER THE INFLUENCE 29-A 2411(1) Class C as charged and convicted.

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 30 month(s).

Note : COURT DOES NOT OBJECT TO COMMUNITY THERAPUTIC PROGRAM
It is ordered that the defendant's motor vehicle operator's license or permit to operate, right to operate and right to apply for and obtain a license is suspended for a period of 6 year(s) effective 12/02/2002. The defendant's right to register a motor vehicle is suspended.

Charge #1: It is ordered that the defendant forfeit and pay the sum of $ 2,000.00 as a fine to the clerk of the court, plus applicable surcharges and assessments.

10% GOV'T OPERATION SURCHARGE FUND $ 200.00
$ 25 VICTIMS COMPENSATION FUND
100% GENERAL FUND $ 2000.00
$ 30 DEPARTMENT OF TRANSPORTATION FINES
2% MAINE COMMUNITY POLICING INST $ 40.00
2% MAINE CRIMINAL JUSTICE ACADEMY $ 40.00
1% COUNTY JAIL $ 20.00
**TOTAL DUE:$ 2,355.00.**

12/12/2002 Charge(s): 1
RULING - ORIGINAL ISSUED ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court

DEFENDANT ACKNOWLEDGES RECEIPT
12/12/2002 Charge(s): 2
RULING - ORIGINAL ORDERED ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court
It is adjudged that the defendant is guilty of 2 OPERATING MOTOR VEHICLE AFTER REVOCATION 29-A 2557(1) Class C as charged and convicted.

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 5 year(s).

This sentence to be served consecutively to: AUGSCCR200200380  Charge: 1

It is ordered that all of the sentence as it relates to confinement be suspended.

It is ordered that the defendant be placed on a period of probation for a term of 4 year(s) upon conditions attached hereto and incorporated by reference herein.
$ 25 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 25.00.**


**Special Conditions of Probation:**
Refrain from possession and use of any unlawful drugs and the possession or use of intoxicating

liquor.

Pay to the Department of Corrections a supervision fee of $10 per month.

Submit to random search and testing for alcohol, drugs upon reasonable suspicion of use or possession.

Undergo substance abuse counseling / treatment, program as directed by the probation officer; consent to the release of any counseling/treatment information to your probation officer, the district attorney and the court. You shall contribute to the cost of any counseling treatment based on your financial ability as determined by the probation officer.

Pay assessments as more fully specified above.

Not operate or attempt to operate any motor vehicles including ATV, motorboat or aircraft until properly licensed by the Secretary of State.

If the defendant has been convicted of an applicable offense listed in 25 MRSA sec 1574(4), the defendant shall submit to having a DNA sample drawn.

Report to probation officer forthwith and as thereafter directed.
12/12/2002 Charge(s): 2
RULING - ORIGINAL ISSUED ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court

DEFENDANT ACKNOWLEDGES RECEIPT
12/12/2002 Charge(s): 3
RULING - ORIGINAL ORDERED ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court
It is adjudged that the defendant is guilty of 3 REFUSING TO SUBMIT TO ARREST OR DETENTION 17-A 751-A(1)(B) Class D as charged and convicted.

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 364 day(s).

This sentence to be served concurrently with: AUGSCCR200200380  Charge: 1
$ 10 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 10.00.**

12/12/2002 Charge(s): 3
RULING - ORIGINAL ISSUED ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court

DEFENDANT ACKNOWLEDGES RECEIPT

Printed on: 05/28/2003

12/12/2002 Charge(s): 4
RULING - ORIGINAL ORDERED ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court
It is adjudged that the defendant is guilty of 4 FAILING TO STOP FOR OFFICER 29-A 2414(2)
Class E as charged and convicted.

The defendant is sentenced to the KENNEBEC COUNTY JAIL for a term of 180 day(s).

This sentence to be served concurrently with: AUGSCCR200200380  Charge: 1
This sentence to be served concurrently with: AUGSCCR200200380  Charge: 3
$ 10 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 10.00.**

12/12/2002 Charge(s): 4
RULING - ORIGINAL ISSUED ON 12/02/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: ANDREWS CAMPBELL
DA: ALAN KELLEY          Reporter: DENNIS FORD
Defendant Present in Court

DEFENDANT ACKNOWLEDGES RECEIPT·
12/12/2002 Charge(s): 1,2,4
ABSTRACT - BMV ISSUED ON 12/12/2002

3 SEPERATE ABSTRACTS MAILED
12/12/2002 Charge(s): 1
ABSTRACT - SBI EDI ON 12/12/2002

LAST EDI SENT: 12/12/2002 21:20:16
12/12/2002 Charge(s): 2
ABSTRACT - SBI EDI ON 12/12/2002

LAST EDI SENT: 12/12/2002 21:20:22
12/12/2002 Charge(s): 3
ABSTRACT - SBI EDI ON 12/12/2002

LAST EDI SENT: 12/12/2002 21:20:23
01/29/2003 OTHER FILING - STATEMENT OF TIME FILED ON 01/27/2003

CREDIT FOR 63 DAYS TIME SERVED FROM OCTOBER 1, 2002 TO DECEMBER 3, 2002.
02/03/2003 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 02/03/2003

02/06/2003 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 02/05/2003
S KIRK STUDSTRUP , JUSTICE
02/12/2003 MOTION - MOTION TO PREPARE TRANSCRIPT FILED BY DEFENDANT ON 02/12/2003

Attorney: DAVID PARIS
REQUESTING 12/2/02 PLEA/SENTENCING DENNIS FORD COURT REPORTER.
02/14/2003 MOTION - OTHER MOTION GRANTED ON 02/13/2003
S KIRK STUDSTRUP , JUSTICE

05/19/2003 MOTION -   MOTION REDUCTION OF SENTENCE FILED BY DEFENDANT ON 02/03/2003

05/19/2003 HEARING -   MOTION REDUCTION OF SENTENCE SCHEDULED FOR 05/23/2003 @ 8:30

NOTICE   TO PARTIES/COUNSEL
05/19/2003 HEARING -   MOTION REDUCTION OF SENTENCE NOTICE SENT ON 05/19/2003

05/19/2003 WRIT -   HABEAS CORPUS TO TESTIFY ISSUED ON 05/19/2003

CERTIFIED COPY TO SHERIFF DEPT.
05/28/2003 HEARING -   MOTION REDUCTION OF SENTENCE HELD ON 05/23/2003
S KIRK STUDSTRUP , JUSTICE
Attorney:  DAVID PARIS
DA:  ALAN KELLEY          Reporter: PHILIP GALUCKI
Defendant Present in Court
05/28/2003 MOTION -   MOTION REDUCTION OF SENTENCE UNDER ADVISEMENT ON 05/23/2003
S KIRK STUDSTRUP , JUSTICE
05/28/2003 MOTION -   OTHER MOTION FILED BY DEFENDANT ON 04/11/2003

MOTION TO AMEND PRO SE MOTION FOR REDUCTION OF SENTENCE.
05/28/2003 MOTION -   OTHER MOTION GRANTED ON 05/23/2003
S KIRK STUDSTRUP , JUSTICE
MOTION TO AMEND PRO SE MOTION FOR REDUCTION OF SENTENCE.
05/28/2003 MOTION -   MOTION REDUCTION OF SENTENCE DENIED ON 05/27/2003
S KIRK STUDSTRUP , JUSTICE
COPIES TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:   _____
                         Clerk